UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| WILL MCGINNIS,<br><br>    Plaintiff,<br><br>v.<br><br>HAVERTY FURNITURE COMPANIES, INC.<br><br>    Defendant. | CIVIL ACTION NO. 5:23-42-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on several motions (DE 5, 7, 8, 9, 25).

Plaintiff Will McGinnis is representing himself. He originally filed a complaint in Fayette Circuit Court, alleging that he worked for defendant Haverty Furniture Companies, Inc. and that Haverty fired him because he gave notice that he was going to take leave "until further notice" under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. (DE 1-2, Complaint, Count IV.) He also asserted state law claims for defamation and negligent and intentional infliction of emotional distress.

Haverty removed the action to this Court asserting that federal jurisdiction exists under 28 U.S.C. § 1332(a)(1), which provides for federal jurisdiction over disputes between citizens of different states, where the amount in controversy exceeds $75,000. Plaintiff McGinnis does not dispute that he is a Kentucky citizen while defendant Haverty is a citizen of Georgia and Maryland. Nor does he dispute that the amount in controversy exceeds $75,000. In his original

complaint, McGinnis requested compensatory damages of at least $125,000 and punitive damages of at least $250,000.

Days after removing the action to this Court, Haverty filed a motion to dismiss the original complaint (DE 5) arguing that McGinnis had failed to plausibly allege 1) a causal link between his termination and his alleged request for FMLA leave; 2) that Haverty would be liable for allegedly defamatory statements made by a third party; or 3) that he suffered emotional distress serious enough to support a claim for intentional or negligent infliction of emotional distress.

McGinnis responded to the motion to dismiss by filing a document titled "Response to Motion to Dismiss & Motion to Amend Complaint." Attached to the document was a tendered amended complaint. (DE 7-1, First Amended Complaint.) The Court will refer to this tendered amended complaint as the First Amended Complaint. Under Federal Rule of Civil Procedure 15(a)(1), McGinnis did not need to file a motion to file the First Amended Complaint. This is because he filed it within 21 days after Haverty filed the motion to dismiss. Thus, he was permitted to file the amended complaint "as a matter of course" without requesting the Court's permission.

After McGinnis filed the First Amended Complaint, Haverty filed a response (DE 8) to McGinnis's motion to amend (DE 8), in which it objected to McGinnis's motion to file the First Amended Complaint, but it recognized that McGinnis could have amended his complaint as a matter of course under Rule 15(a)(1) without even filing the motion. Thus, Haverty moved for the Court to dismiss the First Amended Complaint for failure to state a claim under Rule 12(b)(6) as alternative relief to denying the motion to amend.

McGinnis then filed a document, which he captioned as a response to Haverty's motion to dismiss and also as a motion to amend his complaint for a second time (DE 9). On the same day, McGinnis filed a second amended complaint (DE 10) in the record. The Court will refer to this complaint as the Second Amended Complaint.

Haverty then filed a reply (DE 11) in support of its motion to dismiss the First Amended Complaint (DE 8). It also filed a response objecting to McGinnis's motion to file the Second Amended Complaint (DE 12). In the response, Haverty correctly pointed out that, under Rule 15(a)(2), McGinnis was required to obtain the Court's permission before filing the Second Amended Complaint in the record. Haverty also argued that the motion to file the Second Amended Complaint should be denied as futile because McGinnis had still failed to state a claim.

Accordingly, the pending motions in this case are Haverty's motion to dismiss the original complaint (DE 5); McGinnis's motion to file the First Amended Complaint (DE 7); Haverty's motion to dismiss the First Amended Complaint (DE 8); McGinnis's motion to file the Second Amended Complaint (DE 9); McGinnis's motion (DE 25) to add an exhibit in support of his response to Haverty's motion to dismiss the First Amended Complaint and in support of his motion to file the Second Amended Complaint; and McGinnis's motion for a hearing (DE 25).

In order to clear up the confusion in the record caused by these various filings, the Court will resolve some of these pending motions in this order and will address the remaining pending motions by subsequent order. Accordingly, the Court hereby ORDERS as follows:

1) Haverty's motion to dismiss the original complaint (DE 5) and McGinnis's motion to amend the original complaint (DE 7) are DENIED as moot. McGinnis had the right to file the First Amended Complaint as a matter of course and that complaint is now the operative complaint in this matter instead of the original complaint;

2) The Clerk of the Court is DIRECTED to file the tendered First Amended Complaint (DE 7-1) and accompanying exhibit (DE 7-2) into the record;

3) The Second Amended Complaint (DE 10) is STRICKEN from the docket because the Court did not grant McGinnis leave to file it and his motion to file the Second Amended Complaint remains pending.

4) McGinnis's motion for a hearing (DE 25) is DENIED, the Court seeing no reason for a hearing at this time; and

5) McGinnis's motion (DE 25) to file an exhibit in support of his response to Haverty's motion to dismiss the First Amended Complaint and in support of his motion to file the Second Amended Complaint is GRANTED. The Clerk of the Court is DIRECTED to file the tendered exhibit (DE 25-1) into the record and to docket it as an exhibit in support of the response and motion at Docket Entry 9.

Accordingly, the motions that remain pending for the Court to resolve are Haverty's motion to dismiss the First Amended Complaint (DE 8) and McGinnis's motion to file the Second Amended Complaint (DE 9). The Court will address those motions by separate order.

This 10th day of July, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY