UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| WILL MCGINNIS,<br><br>    Plaintiff,<br><br>v.<br><br>HAVERTY FURNITURE COMPANIES, INC.<br><br>    Defendant. | CIVIL ACTION NO. 5:23-42-KKC<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

In an order entered July 10, 2023 (DE 26), the Court resolved multiple motions. The motions that remain unresolved are defendant Haverty Furniture Companies, Inc.'s motion to dismiss (DE 8) the First Amended Complaint and plaintiff Will McGinnis's motion (DE 9) to file a Second Amended Complaint.

The Court will first resolve the motion to file the Second Amended Complaint because, if the Court grants that motion, the motion to dismiss the First Amended Complaint will become moot.

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be "freely give[n] when justice so requires." But a court may deny a motion to amend a complaint when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is futile if the amended complaint would not survive a motion to dismiss. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005).

In his tendered Second Amended Complaint (DE 10), McGinnis alleges that, beginning in December 2021, he worked for Haverty as a salesperson. (DE 10, Tendered Second Am. Compl., Introduction.) He applied for FMLA leave just a few months later – in February 2022 – but was denied because he had not been employed at Haverty for a year. (DE 10, Tendered Second Am. Compl., Background ¶ 8.)  At some point during his employment, McGinnis became unhappy with the way his manager Larissa Connors managed the office, and he complained about her multiple times to Human Resources personnel and to Connors' supervisor Derek Daniels. (DE 10, Tendered Second Am. Compl., Background ¶ 12.)  According to the complaint, the feeling was mutual. McGinnis alleges that, beginning by at least April 2022, he became aware that Connors wanted him to quit, and she began making it difficult for him to do his job. (DE 10, Tendered Second Am. Compl., Background ¶ 10.)

He was given a "final" write up on April 15, 2022. (DE 10, Tendered Second Am. Compl., Background ¶ 12.) During this time, McGinnis was not happy with his job because of his pay and Connor's "contempt" for him. He told management that, "if things did not change," he would likely start looking for another job. (DE 10, Tendered Second Am. Compl., Background ¶ 13.) He states he began working harder, more than doubled his income, and became one of Haverty's top salespersons. (DE 10, Tendered Second Am. Compl., Background ¶ 13.)

On December 1, 2022, McGinnis was approved for intermittent FMLA leave for 8 to 12 weeks under the Family and Medical Leave Act based on a medical condition that he does not identify in his complaint. (DE 10, Tendered Second Am. Compl., Background ¶ 4.) "Subject to certain limits, the FMLA gives eligible employees the right to take unpaid leave related to

2

certified medical conditions." *Griffin v. U.S. Postal Serv.*, 183 F. App'x 945, 950 (Fed. Cir. 2006).

McGinnis alleges that, on December 4, 2022, at 5:45 p.m., he was called into Connor's office. Margie Wehder from Human Resources was on speaker phone and accused him of a pattern of being disrespectful to his manager. She also accused him of stating that he refused to do certain work he was required to do. (DE 10, Tendered Second Am. Compl., Background ¶ 14.) Wehder told McGinnis to leave for the day. McGinnis responded that he would not be in the next two days – Monday or Tuesday – because those were his regular days off and that he also would not be in Thursday or Friday. (DE 10, Tendered Second Am. Compl., Background ¶ 14.)

McGinnis then sent a text to Connor's supervisor Daniels. (DE 10, Tendered Second Am. Compl., Background ¶ 14.) McGinnis told Daniels he wanted to talk to him, but Daniels did not respond. McGinnis then sent Daniels a "string" of texts, one of which told Daniels that, "effective immediately," McGinnis would be on FMLA leave. (DE 10, Tendered Second Am. Compl., Background ¶ 14.) Daniels did not respond by text, but the next day, December 5, 2022 at about 2:00 p.m., Daniels called McGinnis, placing him on a conference call with Diane Rothwell from the corporate Human Resources Department. (DE 10, Tendered Second Am. Compl., Background ¶ 14.) Daniels told McGinnis that he was on "final write up" for failing to complete certain tasks as requested by his supervisor and that he was terminated effective immediately. (DE 10, Tendered Second Am. Compl., Background ¶ 14.)

McGinnis asserts claims against Haverty's for interfering with his requested FMLA leave and for firing him in retaliation for taking the leave. (DE 10, Tendered Second Am. Compl., Counts I and II.)

In its response to McGinnis's motion to file to the tendered Second Amended Complaint, Haverty argues that the proposed amendment is futile because McGinnis has failed to state either an FMLA interference claim or an FMLA retaliation claim.

Haverty argues that McGinnis does not sufficiently allege an interference claim because he does not allege 1) that he was eligible for FMLA leave on December 4, 2022; or 2) that he gave proper notice of his intention to take FMLA leave.

As to whether McGinnis sufficiently alleges that he was eligible for FMLA leave when he took it, Haverty argues that McGinnis does not allege any facts to suggest that, when he texted Derek Daniels on December 4, 2022 and told him that he was going to take FMLA leave, he was – at that time – suffering from the medical condition for which his FMLA leave was approved. It is true that, in the Second Amended Complaint, McGinnis does not ever state specifically what medical condition he was suffering from on the date that he texted Daniels and notified him that he was taking FMLA leave. McGinnis will at some point in this litigation likely be required to specify what the condition was that necessitated FMLA leave on December 4, 2022. To the extent that he is concerned about disclosing that information, he may request that the Court seal or redact any documents filed in the public docket that identify the medical condition.

Nevertheless, in the Second Amended Complaint, McGinnis does allege that he was approved for up to 12 weeks of intermittent leave FMLA leave on December 1, 2022. He also alleges that "the circumstances of being falsely accused on December 4, 2022, and the tone and manner to which it was done, was a trigger for his disability and necessitated FMLA leave effective immediately." (DE 10, Second Amended Complaint, Additional Facts ¶ 5.) These are sufficient allegations from which it could be inferred that, at the time that McGinnis texted

Daniels to notify him he was taking FMLA leave, McGinnis was suffering from the condition for which he had been approved for FMLA leave.

As to whether McGinnis gave "proper notice" of his intent to take FMLA leave, Haverty does not state was "proper notice" of FMLA leave is. It argues that the notice was deficient because McGinnis does not allege that the notice was "tied to any FMLA-qualifying condition." However, as stated above, McGinnis has sufficiently alleged that he suffered from an FMLA-qualifying condition at the time that he texted Daniels that he was taking FMLA leave.

As to McGinnis's retaliation claim, "In order to establish a claim for FMLA retaliation, a plaintiff must demonstrate that: '(1) he engaged in an activity protected by the Act, (2) this exercise of his protected rights was known to the defendant, (3) the defendant thereafter took an employment action adverse to the plaintiff, and (4) there was a causal connection between the protected activity and the adverse employment action.'" *Russell v. CSK Auto Corp.*, 739 F. App'x 785, 788-89 (6th Cir. 2018) (citing *Tennial v. United Parcel Serv., Inc.*, 840 F.3d 292, 308 (6th Cir. 2016)).

Haverty argues that McGinnis has failed to plausibly allege a claim for FMLA retaliation because the complaint itself demonstrate that Haverty had a legitimate, nonretaliatory reasons to terminate his employment. Haverty points out that McGinnis alleges that Haverty claimed to terminate him for "being disrespectful to a manager," his "pattern of disrespect," his "insubordination" towards his supervisor, being heard saying he refused to do his "5-11's" (a requirement of his position), and "refus[ing] to do a reasonable request from a supervisor." (DE 10, Tendered Second Amended Complaint, ¶¶ 14, 17.) McGinnis also alleges, however, that these reasons for his termination are false, that he was an outstanding employee, and that Haverty will not be able to prove that he was actually fired for failing to comply with his

5

managers' requests. (*See., e.g.,* DE 10, Tendered Second Amended Complaint, Background ¶ 7.) Under the *McDonnel Douglas* burden-shifting framework, after an employer articulates a legitimate, nonretailiatory reason for the termination, plaintiff can refute the reason by showing that the articulated reason is actually only "a pretext to mask discrimination." *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 315 (6th Cir. 2001). The Court cannot make a finding as to the reason for McGinnis's termination on this motion to amend.

Haverty also argues that it had actually decided to terminate McGinnis on December 4, 2022 when he was asked to "leave for the day" and this was before McGinnis notified Daniels that he was taking FMLA leave. Thus, Haverty argues, McGinnis has not sufficiently alleged a causal connection between McGinnis's FMLA notice and his termination. Whether Haverty had resolved to fire McGinnis before he notified Daniels that he was taking FMLA leave is, however, another factual dispute that the Court cannot resolve as a matter of law on a motion to amend. Moreover, McGinnis alleges that he was approved for FMLA leave on December 1, 2022. (DE 10, Tendered Second Amended Complaint, ¶ 9.)

For all these reasons, the Court hereby ORDERS as follows:

1) McGinnis's motion to file a Second Amended Complaint (DE 9) is GRANTED;

2) The Clerk of the Court is DIRECTED to file the tendered Second Amended Complaint (filed at Docket Entry 10) into the record; and

3) Haverty's motion to dismiss the First Amended Complaint (DE 8) is DENIED as moot.

This 12th day of September, 2023.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

6